IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 11-1350 |
| v. | ) ) | Judge Cathy Bissoon |
| PENNSYLVANIA PUBLIC UTILITY COMMISSION, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Consistent with the discussions at today's Conference, and through an exercise of the Court's inherent authority, this case hereby is **STAYED** pending resolution of the related administrative proceedings before the Pennsylvania Public Utility Commission. *See* Rice v. Astrue, 2010 WL 3607474, *2 (D. S.C. Sept. 9, 2010) ("a federal court has the inherent power to stay, *sua sponte*, an action before it," "pending resolution of independent proceedings [that] bear upon the case") (citations and internal quotations omitted).  For the duration of the stay, this case is and shall remain **ADMINISTRATIVELY CLOSED**.  Administrative closings comprise a familiar way in which courts remove cases from their active files without final adjudication. Penn West Assocs., Inc. v. Cohen, 371 F.3d 118, 127 (3d Cir. 2004) (citation and internal quotations omitted).  Administrative closure is a docket control device used by the Court for statistical purposes, and it does not prejudice the rights of the parties in any manner.  Honig v. Comcast of Georgia I, LLC, 537 F. Supp.2d 1277, 1290 n.8 (N.D. Ga. 2008).

As and when appropriate, Plaintiff or Defendants may restore this action to the Court's active calendar upon application or by motion.  See In re Arbitration Between Philadelphia Elec. Co. v. Nuclear Elec. Ins., Ltd., 845 F. Supp. 1026, 1028 (S.D.N.Y. 1994) (holding same).

IT IS SO ORDERED.


April 13, 2012                                               s\Cathy Bissoon
                                                                     Cathy Bissoon
                                                                     United States District Judge


cc (via ECF email notification):

All Counsel of Record